JOHN B. DEARY, INC. *vs.* PAUL A. CRANE, individually and as trustee, & another.[1]

Suffolk.    November 9, 1976. — December 24, 1976.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Civil,* Summary judgment.

Where an affidavit in opposition to a motion for summary judgment raised merely vague and general allegations of expected proof, there was no error in the allowance of the motion. [722-724]

----

[1] Although the ancillary note and the guaranty were signed by Jones, Crane and Gordon, service was not secured on Jones, and consequently he was not a defendant in this action.

CONTRACT. Writ in the Superior Court dated April 10, 1974.

The case was heard by *Morse, J.,* on a motion for summary judgment.

The case was submitted on briefs.

*Morris M. Goldings* for the defendants.

*Joseph F. Ryan* for the plaintiff.

HALE, C.J. The principal issue here concerns the correctness of an order of a Superior Court judge granting the plaintiff's motion for summary judgment as to the defendants under Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

On December 1, 1972, Jones and Crane, as trustees of Jones-Crane Trust, executed a promissory note, secured by a mortgage, in the amount of $32,405.49 payable to the plaintiff, John B. Deary, Inc., a Massachusetts corporation, on or before December 1, 1972. On the same date the defendants and Jones individually executed a separate promissory note jointly and severally promising to pay interest on the unpaid principal balance on the Jones-Crane Trust note at the rate of ten per cent per annum together with all costs of collection, including reasonable attorneys' fees.

On December 21, 1972, Gordon, Jones and Crane individually executed a "guaranty" by which they jointly and severally unconditionally guaranteed faithful performance and observance by Jones and Crane as trustees of the Jones-Crane Trust of all obligations under the Jones-Crane Trust note and mortgage. Nothing was paid on the notes when due, nor was any sum paid under the guaranty.

We summarize the subsequent events from the pleadings, where undisputed, and from the affidavits filed in connection with the plaintiff's motion for summary judgment. On December 4, 1973, the plaintiff sent demand notices on the Jones-Crane Trust note and on the Gordon-Jones-Crane note and sent notice of default on the Gordon-Jones-Crane guaranty. Notice of the foreclosure sale was sent on February 6, 1974, by certified mail to the mortgagors Jones, Crane, and the Jones-Crane Trust, and it

was published on February 11, 18, and 25, 1974, in the Laconia Evening Citizen, a newspaper published in Laconia, Belknap County, New Hampshire, which was the locus of the premises subject to sale. The foreclosure sale took place by public auction at the place appointed on March 13, 1974, with the plaintiff's bid of $3,750 being the highest bid for the mortgaged premises. Thereafter on April 5, 1974, the plaintiff recorded an affidavit of sale under the power of sale in the mortgage, together with a foreclosure deed conveying the mortgaged premises to itself.

On April 10, 1974, the plaintiff brought an action to recover a deficiency of $28,655.49 allegedly due on the $32,405.49 note from its makers, Crane and Jones, trustees of the Jones-Crane Trust, to recover the amount of that deficiency from the guarantors of the note, Gordon, Jones, and Crane, and to recover from them the amount due under the interest note.

The defendant Crane, individually and as trustee for the Jones-Crane Trust, and the defendant Gordon answered the plaintiff's declaration, admitting the execution of the notes and guaranty and the nonpayment of same when due. By their answers the defendants proffered the following defenses: (1) the notice given on December 4, 1973, was insufficient notice of default and demand to hold the defendants liable for any deficiency upon foreclosure; and (2) the debt to the plaintiff was liquidated by a purchase of the premises on a bid of $32,405 and, therefore, that the defendants owe nothing to the plaintiff.[2]

On October 11, 1974, the plaintiff moved for summary judgment against the defendant Crane, individually and as trustee of the Jones-Crane Trust, and the defendant Gordon. The motion was supported by affidavits. By way of an affidavit in opposition to the plaintiff's motion Crane and Gordon alleged the failure of the plaintiff to have the notice of the sale published in conformity with N.H. Rev.

---

[2] Since neither of these defenses is argued in the brief as a reason why the motion for summary judgment should have been allowed, we treat them as waived.

Stat. Ann. § 479:25 (1968)[3] or the failure to include such publication, if in fact made, in the documents recorded at the registry in conformity with N.H. Rev. Stat. Ann. § 479:26 (1968). The defendants' affidavit did not contradict the averments in the plaintiff's affidavit that the property had been sold for $3,750, or that notices of default had been given.

Thereafter, the plaintiff's motion for summary judgment was allowed, and Crane and Gordon have appealed from the judgment. There was no error.

The granting of summary judgment will be upheld "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). This rule also provides a basis for determining the moving party's burden, which is to show that there is no genuine issue of material fact and that he is entitled, as a matter of law, to a judgment. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). See Moore, Federal Practice par. 56.15[3] (2d ed. 1976). If the moving party fails to show that there is no genuine issue of material fact, then his motion will be denied. However, if the moving party does show that there is no such issue for trial, the party in opposition to the motion must allege specific facts which establish a triable issue in order to avoid entry of summary judgment against him. Allocating the burden discourages "utterly unjustified summary judgment motions" and "sham claims and defenses." Wright & Miller, Federal Practice and Procedure, § 2712, at 382-384 (1973).

On the basis of its declaration and its affidavit in support of its motion for summary judgment, the plaintiff met its burden of showing that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Therefore, the sole question which remains is

---

[3] This averment is not argued on appeal and is deemed waived. The missing information was supplied in the plaintiff's revised affidavit.

John B. Deary, Inc. v. Crane.

whether the affidavit submitted on behalf of Gordon and Crane in opposition to that motion presented a genuine issue of material fact.

The defendants contend that a triable issue was raised by their affidavit, which averred the failure of the plaintiff to comply with the provisions of N.H. Rev. Stat. Ann. § 479:26.[4] That statute requires, among other things, that the affidavit of sale set forth "fully and particularly" the acts of the person selling pursuant to the power of sale and that it, or a duly certified copy, be recorded in the appropriate registry of deeds within thirty days of the sale. The defendant maintains that the plaintiff failed to meet its burden under rule 56(c) because the affidavit did not fully set forth the details and circumstances of the sale. There is no merit to that contention.

The plaintiff's "Affidavit of Sale Under Power of Sale in Mortgage" included a copy of the notice of the foreclosure sale, the foreclosure deed and an affidavit. The latter stated that a copy of the notice of sale had been published once a week for three successive weeks in a Laconia newspaper; that copies of the notice had been sent by certified mail to the defendants; and that at the time and place appointed in the notice the mortgaged premises were sold at public auction to the plaintiff for $3,750, that being the highest bid made at the auction. We are of the opinion that that affidavit complied with the requirements of N.H. Rev. Stat. Ann. § 479:26 (1968).

The defendant's bald assertion that a section was omitted from the affidavit recorded at the registry of deeds is insufficient to establish a genuine issue of material fact. He does not point out what is missing other than to say, "[c]learly, there is a section missing, probably to be found

[4] New Hampshire Rev. Stat. Ann. § 479:26 (1968) provides: "The person selling pursuant to the power shall within thirty days after the sale, cause the foreclosure deed, a copy of the notice of the sale, and his affidavit setting forth fully and particularly his acts in the premises, to be recorded in the registry of deeds in the county where the property is situated; and such affidavit, or a duly certified copy of the record thereof, shall be evidence on the question whether the power of sale was duly executed."

on page 251 of Book 630 of Belknap County, Registry of Deeds, New Hampshire."

The Supreme Judicial Court has held firmly to the principle that "well pleaded cases and motions for summary judgment supported by affidavits and other materials serve a 'salutary purpose' which should not be 'set at naught' where the opposing party merely raises 'vague and general allegations of expected proof.' " *Community Natl. Bank* v. *Dawes,* 369 Mass. at 555-556.

We have called for the original record and have examined the "Affidavit of Sale under Power of Sale in Mortgage" appended to the plaintiff's revised affidavit. That document bears the teste of the Belknap County registrar of deeds that it is a true copy. It appears to us that no page is missing from the document and that it is complete in every detail. We conclude that the allowance of the motion for summary judgment was correct.

The defendants now attempt to raise a question of good faith on the part of the plaintiff-mortgagee as purchaser at the foreclosure sale. As no such issue was raised in the defendants' pleadings or in their affidavit, and as no indication appears in the record of the question's having been raised below, the defendants are precluded from presenting it for the first time on appeal. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974).

*Judgment affirmed.*