ENTERPRISE MUSIC AND GAMES, INC. *vs.* EDWARD MCCARTHY & another.
April 23, 1980. After partial summary judgment was entered for the
plaintiff on the issue of liability only, an evidentiary hearing was held to
determine the amount of damages owing to the plaintiff. Judgment was
entered against the defendants in the amount of $12,199.68 plus interest
and costs.

The defendants challenge on appeal the correctness of the trial judge's
orders granting partial summary judgment to the plaintiff and denying
their motion for summary judgment. The defendants also allege error in
the judge's assessment of damages.

1. Based on the relevant pleadings and the application of settled prin-
ciples (see *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722
[1976]), we conclude that partial summary judgment was properly
entered for the plaintiff.

It was not mandatory for the plaintiff to file an affidavit. See Mass.R.
Civ.P. 56(c), 365 Mass. 824 (1974); *Community Natl. Bank* v. *Dawes,*
369 Mass. 550, 553 (1976). Here, "[t]he complaint was verified and is
therefore treated as an affidavit in so far as it contains specific facts that
the signer knows to be true." *Pupecki* v. *James Madison Corp.,* 376 Mass.
212, 217 (1978).

By way of deposition the defendants admitted selling their business
without making provisions with respect to the vending and game machines
as required by the contract. Moreover, the defendants' affidavit in oppo-
sition to the plaintiff's motion in no way contradicts the facts asserted in
the plaintiff's verified complaint. *New England Merchants Natl. Bank* v.
*Kneeland,* 8 Mass. App. Ct. 946 (1979). See Mass.R.Civ.P. 56(e), 365
Mass. 825 (1974). Accordingly, the plaintiff has shown "that there is no
genuine issue as to any material fact" and is therefore "entitled to a judg-
ment as a matter of law" on the issue of liability. Mass.R.Civ.P. 56(c).
*John B. Deary, Inc.* v. *Crane, supra* at 724.

2. We do not reach the issue whether the judge erred in denying the
defendant's motion for summary judgment, as the defendant has made no
argument in this court with respect to that branch of the case. See Mass.
R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975). Likewise, all the
other issues raised in the defendants' brief are not open for review here be-
cause they suffer from the dual defects of not having been argued within
the meaning of Mass.R.A.P. 16(a) (4) and of being raised now for the first
time. See *John B. Deary, Inc.* v. *Crane, supra.*

3. We agree with the result and the reasoning of the trial judge as to
the assessment of damages because "[w]here actual damages are difficult
to ascertain and where the sum agreed upon by the parties at the time of
the execution of the contract represents a reasonable estimate of the actual
damages, such a contract will be enforced." *A-Z Servicenter, Inc.* v. *Se-
gall,* 334 Mass. 672, 675 (1956). In short, the judge's findings are supported
by the evidence and we are, thus, unable to say that they are clearly er-

roneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See also *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 675 (1977).

*Judgment affirmed.*

*Robert H. Tobin* for the defendants.
*Robert S. Marcus* for the plaintiff.