NEW ENGLAND WATCH CORP. *vs.* HONEYWELL, INC. February 25, 1981. A motion for summary judgment for the defendant was allowed. There was no error because there was no genuine issue of material fact, and the defendant was entitled to judgment as matter of law. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553 (1976).

In count one of its complaint, the plaintiff alleged the defendant's breach of contract and warranties under an agreement for burglar alarm protection and in count two, the defendant's negligence. 1. In boldface type in the contract, the defendant disclaims liability for breach of the warranties of merchantability and fitness. Even if, arguendo, this contract is within the article of the Uniform Commercial Code (Code) governing sales, G. L. c. 106, § 2-101, et seq. (and we do not so decide), the defendant is relieved of liability by its disclaimer language, which is conspicuously printed on the agreement entered into by the parties. General Laws c. 106, § 2-316. Whatever other terminology may be used to describe the burglar alarm system which is the subject of the contract, no one can seriously contend that this subject matter constitutes "consumer goods" as that term is used in G. L. c. 106, § 2-316A, inserted by St. 1970, c. 880, which operates to limit the right to disclaim liability on warranties. See G. L. c. 106, § 9-109 (1), as appearing in St. 1979, c. 512, § 7, which defines "consumer goods" as goods which "are used or bought for use primarily for personal, family or household purposes." 2. The contract also disclaims responsibility "for any losses . . . even if due to contractor's negligent performance or failure to perform any obligation under [the] [a]greement." This disclaimer is clearly sufficient to protect the defendant from claims of negligence. A party may "make a valid contract exempting the defendant from liability [to it] for injuries resulting from its negligence or that of its employees." *Henry* v. *Mansfield Beauty Academy, Inc.,* 353 Mass. 507, 510-511 (1968). 3. The language of the disclaimer of liability is sufficiently broad to cover the failure of the alarm system which occurred. 4. As the plaintiff's argument as to c. 93A, § 11, is made for the first time on appeal, we do not

consider it. *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 724 (1976). See *Mahaney* v. *John Hancock Mut. Life Ins. Co.*, 6 Mass. App. Ct. 919, 920 (1978).

*Judgment affirmed.*

*John N. Lewis* for the plaintiff.                                    .
*Cynthia J. Cohen* for the defendant.