Banks, J.
This is an action in contract upon an account annexed in the sum of $3,217.96, or in the alternative for the fair value of services, brought by plaintiff Connors for legal services rendered to defendant Black in connection with the defendant’s domestic relations actions in the Probate Court Department of the Trial Court of the Commonwealth. The defendant’s answer included a general denial and allegations of (1) payment and satisfaction and (2) failure to state a claim. The defendant also filed, in connection with plaintiffs motion for attachment, affidavits contesting the dates and times of certain services alleged in the plaintiffs account annexed. That affidavit also recited the payment of $1,100.00 by the defendant to the plaintiff for legal services. This $1,100.00 payment is also reflected as a credit in the plaintiffs account annexed.
Subsequently, the plaintiff moved for partial summary judgment under Dist./Mun. Cts. R. Civ. P. Rule 66(d) as to liability, and this motion was allowed by the trial court upon the following ruling: “allowed as to liability only; to be marked for assessment of damages.” The matter is before this Division upon defendant’s appeal from the allowance of the plaintiffs motion for partial, summary judgment.
This motion was properly allowed. A motion for summary judgment • pursuant to Dist./Mun. Cts. R. Civ. P., Rule 66(c) “shall” be allowed “if the pleadings-.together with the affidavits...show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). Partial summary judgment on the issue of liability is expressly permitted under Rule 56(c). See, generally, Acme Engineering & Mfg. Corp. v. Airadyne Co., Inc., 9 Mass. App. Ct. 762 (1980). In the instant case, the pleadings, taken together with the defendant’s affidavits, leave no question that a valid contract for the provision of legal services existed between the parties and that the defendant had incurred liability for the provision of those services.
The defendant has argued that his allegation by affidavit of payment of $1,100.00, as admitted by the plaintiff, raised an issue of fact which required a trial on the merits and the denial of the summary judgment motion in question. The short answer to this argument is that the defendant’s affidavit did not allege that this was a payment in full or a satisfaction of plaintiffs claim, In the absence of such averments, the defendant-appellant failed to meet his Rule 56(e) burden of showing that any material question of fact on the issue of liability remained to be contested between the parties at trial. See, *91 as to opposing party’s burden, O'Brion, Russell & Co. v. LeMay, 370 Mass. 243, 244-245 (1976); United States Trust Co. of N.Y. v. Herriott, 10 Mass. App. Ct. 313, 318 (1980); Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979).
A finding of the defendant’s liability to the plaintiff was required as a matter of law. We note that the extent of that liability was determined at a full hearing for the assessment of damages conducted subsequent to the entry of partial summary judgment for the plaintiff.
There being no error in the trial court’s allowance of the plaintiffs Rule 56 motion for partial summary judgment, the report is dismissed.