Aguiar, J.
This appeal raises the issue of whether a trial judge was correct in allowing plaintiff’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment. We find no error in the Court’s ruling.
The defendants claim that the pleadings and affidavits before the court clearly establish the existence of genuine issues of material fact and that it was an abuse of the Court’s discretion to rule that the plaintiff was entitled to full and final judgment as a matter of law.
Plaintiff (formerly known as First Interstate Credit Alliance, Inc.), hereinafter referred to as Lessor, commenced this action on May 14, 1992 seeking to recover damages for nonpayment of a written equipment lease, hereinafter referred to as Lease, dated January 30,1989, wherein the defendant The Brandon Company, Inc., hereinafter referred to as Lessee, executed the Lease by its president, Michael Brandon hereafter referred to as Brandon. Brandon also executed and delivered a personal guaranty to Lessor, which signature read “Michael Brandon, President.”
Brandon’s affidavit in opposition to the motion for summary judgment admits that he is the President of Lessee and that the Lessee leased from Lessor a computerized register for use in the company’s store. He claims the register never worked correctly and, after getting no help with the non-functioning register, the company stopped paying. The affidavit further states that he was informed by the Lessor that it couldn’t locate the maker of the register because it was made, not by a company, but by some person whom they didn’t know. They did not have a name or address of the maker. The affidavit further states that the Lessee never dealt with Orix Credit Alliance, Inc., only with First Interstate Credit Alliance, Inc. And finally the affidavit says that Brandon never personally guaranteed the lease with Lessor; that he only signed the document as the President of and on behalf of Lessee.
Brandon claims there are three issues of material fact raised by the pleadings and affidavits: (1) whether the lease was guaranteed personally by Brandon. (2) whether the Lessor has standing to bring this action against the Lessee and Brandon, and (3) whether the equipment which was the subject of the lease was defective.
The affidavit of Glen Dyke, custodian of Lessor’s books and records and the person in charge of this account states that Lessor, Orix Credit Alliance Inc., formerly First Interstate Credit Alliance, Inc., is the presentholder and Lessor under the lease, the name of Lessor having been changed September 22,1989. The affidavit further states the terms of the lease and that the books and records of the Lessor were kept in the ordinary course of business of the Lessor, under his direction and control, and in good *70 faith, and indicates that Lessee and Brandon defaulted in making payments on the lease in October 1991. The affidavit further states that a notice of default was mailed to Lessee and Brandon on December 11,1991 stating that the unpaid balance due on the lease was five thousand seven hundred twenty and 00/100 ($5,720.00) dollars and that demand for payment in full was being made. In addition, the notice of default claimed late charges and attorneys’ fees as provided for in the lease. The affidavit further states that the Lessee signed the lease which contains language in bold print immediately above the place for signatures on January 30, 1989, which reads as follows:
Equipment is leased hereunder as is, and Lessor makes no express nor implied nor statutory warranties as to any matter whatsoever, including without limitation the condition of the equipment, its merchantability or its fitness for any purpose.
The affidavit further states that the equipment was leased to Lessee to be used in the conduct of its business at 1622 Blue Hill Avenue, Mattapan, Massachusetts. This is a commercial lease.
The affidavit further states that Brandon signed the lease as a guarantor. The affidavit states that the Lessee and Brandon have used the equipment since it was received and installed, January 30,1989, and Brandon, President of Lessee signed the delivery/installation certificate acknowledging “complete and satisfactory delivery and installation on this date...” A copy of the delivery/installation certificate is attached to the affidavit.
The affidavitfurther states thatthe Lessee and Brandon represented by signing the delivery/installation certificate that
We (defendant) understand no servicing of any kind of the property is provided by you. We understand that we are to look to the supplier for any claims, servicing or warranties if any, and we specifically and unconditionally waive any claims, present or future, againstyou. We fully recognize your right to enforce the lease free from any defenses, offsets, or counterclaims. Wefully understand thatlack or failure of equipment, service ormisoperation of any kind, whatever, is no basis for nonfulfillment of our obligations under the lease.
Finally, the affidavit of Glen Dyke states that the Lessee and Brandon kept the equipment for approximately 21 months from January 30, 1989 to October 1991 without expressing any dissatisfaction or problems with it to Lessor. There is no correspondence between the parties.
In a motion for summary judgment the initial burden is on the moving party, Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass App. Ct., 723, 725, 389 N.E. 2d 1046 (1979); but the burden shifts once the moving party shows no triable issue of fact, O’Brien, Russell & Co. v. LeMay, 370 Mass. 243, 244-245 346 N.E. 2d 861 (1976), and the opponent must allege sufficient specific facts establishing a triable issue, to avoid entry of summary judgment. Dist./Mun. Cts. R. Civ. P., Rule 56(e); U.S. Trust Co. of N.Y. v. Herrick, 10 Mass. App. Ct. 313, 318, 407 N.E. 2d 381 (1981). Once the moving party has shown an absence of evidence to support the non-moving party’s case concerning an essential element of the non-moving party’s case, all other facts are immaterial. Kourouvacilis v. General Motors Corporation, 410 Mass. 707, 575 N.E. 2d 734, 738 (1991).
The defendants are bound by the terms of the documents they signed, Markell v. Sidney B. Pfiefer Foundation, Inc., 9 Mass. App. Ct. 142, 440, 402 N.E. 2d 76 (1980), the signatures to which are deemed genuine not having been specifically denied. Dist./ Mun. Cts. R. Civ. P., Rule 8(b).
*71 The signed documents were designed to serve as a legal document to induce Lessor to enter into the finance lease arrangement, and Brandon is presumed to know its contents. Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 596 N.E. 2d 358, 362 (1992).
Brandon’s attempt now to state that his signature as a Guarantor was only given in his representative capacity as president of the corporation completely obviates the clear intent of the guarantee, otherwise it would be useless. If Brandon claims the insertion of the word president has meaning, the language of the lease, where it uses the bold printed words “Guarantors sign here;” should have equal meaning. Brandon has failed to make an affirmative showing that Lessor and he had agreed that the Lessee was to be solely liable on the lease and guaranty. First Safety Fund National Bank v. Friel, 23 Mass. App. Ct. 583, 504 N.E. 2d 664 (1987).
On the issue of standing, there is nothing in Brandon’s affidavit that controverts Glen Dyke’s affidavit that Orix Credit Alliance, Inc. was formerly First Interstate Credit Alliance, Inc. and is the present holder and Lessor under the lease.
On the alleged issue of defective equipment, there is nothing in Brandon’s affidavit that controverts Glen Dyke’s affidavit, and therefore the waiver of limitation of liability on the warranty claims are not controverted by specific facts. Disclaimer provisions in a commercial contract have been held to be sufficient to protect a seller, or in this case Lessor as a finance-lessor, from claims of negligence, especially where the language was conspicuously printed on the agreement. New England Watch Corp. v. Honeywell, Inc., 11 Mass. App. Ct. 948, 416 N.E. 2d 1010 (1981).
In a similar case involving a commercial finance-lease, the Supreme Judicial Court ruled that a failure of equipment which might constitute a breach of warranty by the equipment supplier, did not excuse the defendant lessee from making payments to plaintiff-lessor, particularlywhere there is an express disclaimer ofliability byplaintiff. Patriot General Life Insurance Co. v. C.P.C. Investment Co., 11 Mass. App. Ct. 857, 420 N.E. 2d 918 (1981), and see also, Mayflower Seafoods, Inc. v. Integrity Credit Corporation, 25 Mass. App. Ct. 453, 519 N.E. 2d 1355 (1988).
Where the Lessor has stated in Glen Dyke’s sworn affidavit, in relation to this motion for summary judgment, that all business records referred to in the affidavit were kept in the ordinary course of business, and Brandon presented nothing in this affidavit to show that they were not so kept, the records could be considered as evidence of the facts stated therein. G.L.c. 233, §78, and FDIC v. Csongor, 391 Mass. 737, 464 N.E. 2d 942, 945 (1984). The sworn evidence is sufficient to establish the Lessor’s prima facie case.
The standard of review, set forth in the same case, is that the opposing party had to establish by sworn statements some dispute of material fact, or had to demonstrate some error of law. The Lessee has not filed an affidavit and Brandon’s, affidavit raises no factual issue which would contradict the statements in Lessor’s affidavit by Glen Dyke. Lessee and Brandon’s memorandum in opposition cites no cases or authority to contradict the Lessor’s affidavitwhich sets forth aprimafacie case. FDIC v. Csongor, 391 Mass. 737, 464 N.E. 2d 942, 945 (1984).
From the record before him, which included the complaint, answer, sworn affidavit of Glen Dyke as keeper of Lessor’s records, and the affidavit of Brandon, the Judge concluded that on Lessor’s motion for summary judgment, Brandon had not set forth specific facts showing that there is a genuine issue for trial, and by inference, that Brandon had not raised any issue as to those special matters requiring specific denials such as genuineness of signatures, under Rule 8, Dist./Mun. Cts. R. Civ. P. or representative capacity, under Rule 9(a), Dist./Mun. Cts. R. Civ. P.
We find no error in the judge’s ruling. Summary judgment against both Lessee and Brandon is sustained and the Report is dismissed.