Greco, J.
This is an action upon an account annexed for goods sold and delivered by the plaintiff to the defendant restaurant. The trial court allowed the plaintiffs Dist/Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment as to liability only, and continued the matter for a hearing on the assessment of damages. After that hearing, the court awarded damages in the amount of $6,103.76 to the plaintiff. The defendant has appealed on charges of error in the court’s allowance of the plaintiff’s summary judgment motion; denial of the defendanf s request to file an affidavit with attached exhibits in opposition to the plaintiff’s Rule 56 motion; denial of the defendant’s motion to alter or amend judgment or for a new trial; and assessment of damages against what the defendant perceives was the weight of the evidence.
The plaintiff’s complaint sought recovery of $6,403.76 for meat supplied to the defendant from 1990 through 1992. In its answer, the defendant denied that it owed the plaintiff the damages claimed, and raised affirmative defenses of failure of consideration, and breach of the warranties of merchantability and fitness for the purpose intended. On July 8, 1993, a pretrial conference was held. At the conclusion thereof, the case was continued to August 12, 1993 for the hearing of a motion for summary judgment which the plaintiff was to file on or before August 2, 1993.
The plaintiff filed its Rule 56 motion on August 2, 1993. Although the certificate of service accompanying the plaintiffs motion was dated July 29, 1993, defendant’s counsel maintained at the August 12, 1993 summary judgment hearing that he had not received the plaintiff’s motion until August 9, 1993. The defendant was not allowed to file a counter-affidavit on the day of the hearing. After hearing, the court allowed the plaintiff’s motion in part, stating:
Allowed as to liability only. I do not allow the late filing of defendant’s affidavit filed and given to counsel for the first time at this hearing. Although this matter was the subject of a pretrial conference, the issues of payment and/or accord and satisfaction were not raised.
The defendant’s proposed counter-affidavit was from the manager of Papa John’s Restaurant, who stated therein that he had “placed purchase orders for food product” with the plaintiff; that some of the food received was “rancid,” had been *147 transported in “non-refrigerated vehicles” and was “of inferior quality;” that when notified of the same, the plaintiffs representative “stated ... that he would reduce the billing accordingly;” and that the restaurant had made payments on the account totalling $2,100.00.
The case was continued to August 19,1993 for an assessment of damages hearing. At said hearing, the president of the plaintiff corporation and the manager of the defendant’s restaurant both testified. The plaintiffs president testified that “merchantable meat product was delivered to the defendant in a refrigerated truck,” that the meat had been both federally inspected and inspected by the plaintiffs employees prior to delivery; that the plaintiff had never been notified prior to this suit that rancid or inferior meat had been delivered; that, on occasion, “needled veal” had been delivered to the defendant; that payments of $2,100.00 had been received from the defendant and credited to its account and that a balance of $6,103.76 remained due. The testimony of the defendant’s restaurant manager was consistent with his averments in the disallowed affidavit (discussed above). After hearing, the court assessed damages in the amount of $6,106.76.
After the assessment, the defendant filed a “Motion to Alter or Amend Judgment or in the Alternative for a New Trial” in which the defendant again contended that it should have been permitted to file its affidavit in opposition to the plaintiff’s Rule 56 motion and that summary judgment should not have been entered for the plaintiff. In denying the defendant’s motion, the court stated:
This was an action on an account. The affidavit, filed later without leave of court, asserted vaguely ‘that on various dates’ rancid meat had been shipped and that product of ‘inferior quality’ had been shipped. Those issues were fully litigated at an assessment of damages hearing at which both parties testified. So too was the issue of whether payments had been made not reflected in the plaintiff’s account.
1. There was no error in the court’s granting of partial summary judgment to the plaintiff. Rule 56(c) of the Dist./Mun. Cts. R. Civ. R expressly provides that “summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as the amount of damages.” See, e.g., Enterprise Music & Games, Inc. v. McCarthy, 9 Mass. App. Ct. 906 (1980). In resolving the question of the defendant’s liability; the court was “free ... to disregard” the defendant’s counter-affidavit which was presented on the day of hearing and was thus untimely. LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 341 n. 2 (1988). See also, Rule 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
However, even if the counter-affidavit had been considered together with the defendant’s answer, no genuine issue of fact on the question of liability would have been presented, and partial summary judgment in favor of the plaintiff would still have been appropriate. See generally, Symmons v. O’Keeffe, 419 Mass. 288, 293 (1995); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Neither the defendant’s answer, nor proposed counter-affidavit, denied the existence of a business relationship between the parties, the defendanf s purchase of meat from the plaintiff, or an outstanding indebtedness on the defendant’s account with the plaintiff. The defendant instead contended only that some payments had been made “in settlement of the account,” and that some of the meat delivered was rancid or of inferior quality. The defendant failed to allege or aver that full payment had been made of the amount sought by the plaintiff herein. Under such circumstances,
A finding of the defendant’s liability was required as a matter of law... [T]he extent of that liability was [properly] determined at a full hearing for the assessment of damages conducted subsequent to the entry of partial summary judgment for the plaintiff.
*148 Connors v. Black, 1986 Mass. App. Div. 90, 91.
2. The first six paragraphs of the defendanf s motion to alter or amend judgment or for a new trial reiterate the arguments discussed above and require no additional comment. In paragraph seven of the motion, the defendant contends that the plaintiffs summary judgment motion precluded the defendant from engaging in the discovery needed to develop its defense to the plaintiffs claims. Specifically, the defendant noted that he would have sought from the plaintiff “purchase invoices ... to show the quantity of veal which was purchased.” However, if the defendant needed time to engage in discovery before responding to the plaintiffs motion for summary judgment, it was incumbent upon the defendant to comply with the requirements of Rule 56(f) for obtaining such additional time. Rule 56(0 states:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
The defendant’s “failure to file an affidavit pursuant to Rule 56(f) ... is fatal” to his contention in the trial court and on this appeal that his inability to pursue discovery to advance an effective opposition to the plaintiffs Rule 56 motion should have precluded the court’s entry of summary judgment. Baker v. Monga, 32 Mass. App. Ct. 450, 453 (1992). See also Aronson v. Commonwealth, 401 Mass. 244, 254-255 (1987).
The defendant’s last argument in support of its motion to alter or amend judgment or for a new trial is that after summary judgment was granted, the defendant learned that the plaintiff had been “shut down on several occasions by the United States Department of Agriculture because of bad food product.” Here again, the defendant argues that summary judgment “precluded” it from pursuing this information to obtain additional corroboration of a defense that the defendant in fact raised at the assessment hearing; namely, that rancid meat was shipped. Further, as the defendanf s motion to alter or amend judgment was filed the day after the hearing for the assessment of damages, the information as to the USDA shut down was presumably known at the time of the assessment hearing and could have been raised either in evidentiary form or in the context of a motion to continue. Neither was done. There was no error.
3. Finally, the defendant argues that the court’s assessment of damages was against the weight of the evidence. The defendant did not, however, file a request for ruling of law that the evidence adduced at the assessment hearing warranted or required a finding in its favor, and thus failed to preserve any issue as to the legal sufficiency of the evidence for appellate review. Reid v. Doherty, 273 Mass. 388, 389 (1930); New England Copy Specialists, Inc. v. Massachusetts State Pharm. Assoc., 1983 Mass. App. Div. 139, 140. The trial court’s factual finding on damages cannot be disturbed on appeal unless it is clearly erroneous, or unwarranted by the evidence and the reasonable inferences to be drawn therefrom. Cox v. New England Tel. & Tel. Co., 414 Mass. 375, 384 (1993). Given the trial court’s opportunity to assess the credibility of the oral evidence presented to it, and the evidence reported to this Division, we affirm the courfs assessment and award of damages to the plaintiff herein.
Report dismissed. So ordered.