Smith, J.
Lechmere, Inc. (“plaintiff’) brought this action for damages against Sentiy Protective Systems Corporation (“defendant”), with whom it had entered a contract for security services. Defendant now moves for partial summary judgment to limit damages to $250.00. For the reasons discussed below, defendant’s motion is ALLOWED.
The undisputed facts are as follows: The parties entered a Service and Monitoring Agreement (“the contract”) on September 1, 1993, for burglary protection services at the Lechmere retail store in Danvers, Massachusetts. A provision of the contract states that defendant’s liability for loss resulting from failure to perform its contractual duties is limited to $250.00.[1] The contract also contains an integration clause and a provision allowing the plaintiff to obtain a higher limit of liability “by paying an additional amount.”[2] Plaintiff did not exercise this option to raise the liability limit.
On January 15, 1994, a burglary occurred at the plaintiffs store. Plaintiff sued defendant for negligence and breach of contract, alleging that it would not have sustained the loss had defendant properly notified the police of the break-in. Plaintiff seeks damages of $25,519.81, while defendant seeks to limit damages to the $250.00 specified in the contract.
Summary judgment is allowed where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
In New England Watch Corp. v. Honeywell, Inc., 11 Mass.App.Ct. 948 (1981), the court upheld summary judgment for a defendant burglar protection company, on the basis that a contractual provision disclaimed liability. The provision disclaimed liability “for any losses . . . even if due to contractor’s negligent performance or failure to perform any obligation under the agreement.” Id. The court held that the plaintiffs claims for breach of contract and negligence failed as a matter of law because “the defendant is relieved of liability by its disclaimer language, which is conspicuously printed on the agreement entered by the parties.” Id.
The contractual provision in the case at bar also precludes damages beyond the specified amount. It explicitly disclaims damage resulting from defendant’s negligence as well as failure to perform duties in the contract. The reference to failure to “monitor” is broad enough to cover defendant’s alleged failure to properly notify police of the break-in. The provision is also sufficiently conspicuous, as it is printed in boldface.
Moreover, plaintiff is a sophisticated business entity, not an inexperienced consumer. See Lynch v. Andrew, 20 Mass.App.Ct. 623, 627 (1985) (in considering whether to enforce liquidated damages provision, court noted which party had the “advantage in experience or sophistication”) . There is no evidence that the contract negotiations were unbalanced or unfair. See Segraves Equipment, Inc. v. M. DeMatteo Construction Co., 397 Mass. 110 (1986) (court enforced liquidated damages provision because, in part, “there is nothing to indicate that the disputed provision was not negotiated on an arms-length basis between two substantial business firms”).
Finally, the court finds plaintiffs use of decisional law dangerously careless. The quotation[3] that plaintiff attributes to the Segall court exists nowhere in the reported decision and is misleading. See A-Z Servicecenter, Inc. v. Segall, 334 Mass. 672, 676 (1956).[4]
ORDER
For the foregoing reasons, it is therefore ORDERED that defendant’s motion for partial summary judgment of dismissal be ALLOWED of so much of the plaintiffs Complaint and Amended Complaint as seeks damages in excess of $250.00.

Section 5 of the contract provides. ‘The subscriber understands and agrees that if the Alarm Company or Others should be found liable for personal injury or property loss due from a failure of the Alarm Company or others to perform any *652 of the obligations herein, including but not limited to installation, repair service, monitoring or service or the failure of the System or equipment in any respect whatsoever, the Alarm Company or Other’s liability shall be limited to a sum equal to the total of six monthly payments or $250.00, whichever is greater, and this liability shall be exclusive; and that the provision of this section shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to persons or property, from performance or nonperformance of the obligations imposed by this contract, or from negligence, active or otherwise, of the Alarm Company or Others.’’

“In the event that the subscriber wishes the Alarm Company or Others to assume greater liability, the subscriber may, as a matter of right, obtain from the Alarm Company a higher limit by paying an additional amount proportioned to the increase in damages ...”

The plaintiff wrote the following in its memorandum:
And, in any event, as set forth in See A-Z Servicecenter, Inc. v. Segall, 334 Mass 672, 675 (1956), “where the liquidated damages clause constitutes an unenforceable penalty depends on the circumstances of each case, and customarily presents a question of fact for a trial court.” (sic)
The Segall court held that “Whether a provision of a contract for the payment of a sum upon a breach is rendered unenforceable by reason of its being a penalty depends upon the circumstances of each case.” A-Z Servicecenter, Inc. v. Segall, 334 Mass. 672, 675 (1956).

Plaintiffs quoted phrase “customarily presents a question of fact for a trial court” does not exist in the Segall decision and is misleading. There is no language in the Segall decision which even remotely suggests that a trial court should not decide such issues at the summaiy judgment stage of litigation where appropriate.