Botsford, J.
Introduction
Zircon Company, Inc. (Zircon), a seller of computer equipment and software, filed suit against Graphik Dimensions, Inc. (Graphik), on October 17, 1994. Graphik purchased both computer equipment and software from Zircon for its mail-order picture frame business.
Zircon alleges that by nonpayment, Graphik has breached both the licensing agreement and the contract for goods purchased and delivered which the parties entered into, and that Graphik engaged in unfair trade practices in violation of G.L.c. 93A. Graphik has filed a four-count counterclaim alleging breach of contract (Count I), breach of warranty (Count II), misrepresentation (Count III), and promissory estoppel (Count IV). The case is before the court on Zircon’s motion for partial summary judgment in which it seeks to dismiss all four counterclaims.
Background
Considered in a light most favorable to Graphik as the non-moving party, the summary judgment record reveals the following. In early 1988, Graphik’s mail-order picture frame business had grown to a point where it needed to install a new computer system to manage the various divisions of its business. After researching several different systems, Graphik decided to purchase the equipment and software from Zircon. Zircon did a complete review and assessment of Graphik’s computer needs, and upon completion, Zircon promised to provide a system (hardware and software) that would respond to and meet Graphik’s business needs. In particular, Zircon’s president, Curt Flory, assured Graphik’s president, Stephen Feinsod, that he was not going to sell Graphik just hardware or software, but rather, he was going to sell Graphik a solution to its problem. Zircon further represented that its expertise was in designing the exact type of system that Graphik needed.
The parties entered into two written agreements on or about October 18, 1988. The first was for the purchase of computer equipment, and the second was for the licensing of computer software. The terms of the agreements are similar, except that the terms of the licensing agreement provide that “(n]o action regardless of form, arising out of this Agreement, may be brought by the Licensee more than one year after the accrual of a cause of action.” (Licensing Agreement Paragraph 7.) The agreement for the purchase of equipment does not contain any provision limiting the period in which a claim may be brought.
The parties agreed that Graphik would pay Zircon $160,000 to purchase the computer equipment and $10,000 to license the software. Zircon delivered and installed the first system in December, 1988 and the second system in March, 1989. On or about February 6, 1989, Graphik ordered a credit card authorization system for an additional cost of $10,500. Graphik claims that it relied on Flory’s representations when it entered into the two agreements.
Unfortunately, things did not go as planned. Zircon failed to deliver part of the software package as promised, and the key part of the financial software package did not work. Graphik’s president, Feinsod, sent correspondence to Zircon expressing his dissatisfaction with the software in an attempt to have the problem rectified.[1] Ultimately, Zircon was unable to complete the software modifications to Graphik’s satisfaction. As a result, Graphik retained another company to meet its computer needs. Nevertheless, Graphik did not take any legal action until February 13, 1995.
Discussion
1. Counts I and II. Each of the two agreements contained exculpatory provisions attempting to limit Zircon’s liability. The equipment purchase agreement states that “Zircon will not be is held liable for . . . loss of profits or any other incidental, special or consequential damages, regardless of their nature.” (Purchase Agreement ¶6.)[2] The licensing agreement states that Zircon shall not “be liable for loss of profits or other economic loss, indirect, special, consequential or other similar damages arising out of use of operation of the Software . . .” (License Agreement ¶7.)
In this case, Zircon argues that Graphik is precluded from pursuing its breach of contract claim based on the express language of the two agreements. I agree. Parties may limit liability and warranties even if the result is to eliminate recovery for any failure of the product. J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 795 (1986) (parties may bargain for limited remedies); Henry v. Mansfield Beauty Academy, Inc., 353 Mass. 507, 510-11 (1968) (contract’s terms which precluded recovery for negligence held enforceable); Logan Equipment Corp. v. Simon, 736 F.Supp. 1188, 1196-97 (D.Mass. 1990) (consequential damages and warranties may be excluded if they are conspicuous); The Marantz Company, Inc. v. Clarendon Industries, Inc., 670 F.Supp. 1068, 1071-72 (D.Mass. 1987) (summary judgment properly granted because recovery for breach of contract was barred by an exculpatory provision). Indeed, Graphik, through counsel, does not argue otherwise. Therefore, irrespective of any damages that Graphic may have sustained as a result of Zircon’s alleged breach of warranty, summary judgment on Counts I and II is appropriate. See New England Watch Corp. v. Honeywell, Inc., 11 Mass.App.Ct. 948, 948 (1981) (no error to allow summary judgment when contract contained a conspicuous disclaimer of warranties of merchantability and *656 fitness); Northeast Data Systems, Inc. v. Valley Plating, Inc., C.A. No. 91-5287 (Middlesex Superior Court, Memorandum of Decision and Order on Plaintiffs Motion for Partial Summary Judgment, October 13, 1993) (counterclaims barred by contractual disclaimer of warranties and shortened limitations period).
2. Count III. Graphik alleges that Zircon intentionally misrepresented the computer system it sold would meet Graphik’s unique computer needs, that Graphik relied on this misrepresentation when it entered into the two agreements, and as a result, it suffered actual damages and has been harmed in its business. Zircon asserts that irrespective of the truth of these allegations, the exculpatory provisions in the two agreements preclude liability. I disagree.
Liability limiting contracts are enforceable unless they are unconscionable or offend public policy. Chase Commercial Corp. v. Owen, 32 Mass.App.Ct. 248, 253-54 (1992) (upholding contract waiving the right to a jury trial). A party may not insulate itself from liability for damages by resort to an exculpatory provision in a contract when the claim is founded on a tort-based theory of fraud. Standard Register Co. v. Bolton, 38 Mass.App.Ct. 545 (1995) (seller could not avoid liability for damages caused by its intentional misrepresentations by resort to contract’s exculpatory provision waiving incidental and consequential damages). A “party may not escape liability for misrepresentation by resort to such provisions.” Vmark Software, Inc. v. EMC Corp., 37 Mass.App.Ct. 610, 619, n.11 (1994) (seller of computer equipment falsely assured buyer that its unique computer needs would be met); Bates v. Southgate, 308 Mass. 170, 179 (1941) (plaintiff fraudulently induced to buy stock). Compare International Business Machines v. Catamore Enterprises, 548 F.2d 1065, 1074 (1st Cir. 1976) (sophisticated parties bargained to limit period of liability to one year). Therefore, neither of the agreements’ exculpatory provisions which preclude liability for damages, nor the one-year limitations period in the licensing agreement, can bar recovery for a successful claim of misrepresentation.
The summary judgment record shows that there is a genuine issue of material fact as to whether the statements of Zircon in negotiating the contracts constituted misrepresentations on which Graphik reasonably relied to its detriment. Accordingly, summary judgment on Count III is inappropriate. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
There remains an issue as to whether the potentially recoverable damages Graphik may recover on Count III would be limited to offset any damages Zircon may be awarded, in that it appears Graphik’s counterclaims may not have been filed within the three year limitations period. See G.L.c. 260, §36 (“a counterclaim arising out of the same transaction or occurrence that is the subject matter of the plaintiffs claim, to the extent of the plaintiff’s claim, may be asserted without regard to the provisions of law relative to limitations of actions”) (emphasis supplied). See also, Bernstein v. Gramercy Mills, Inc., 16 Mass.App.Ct. 403, 408-09 (1983).
3. Count IV. Count IV is based on a theory of promissory estoppel. It is not clear what this amounts to given the undisputed fact that the parties had a contract. Even so, the claim seems entirely duplicative of the contract and misrepresentation claims. Therefore, summary judgment should be granted.
Order
For the foregoing reasons, it is ORDERED that Zircon’s motion for summary judgment is ALLOWED on Counts I, II and IV, and is DENIED on Count III.

Feinsod sent an initial letter on November 7, 1990, expressing his displeasure with the software’s operation. A copy of a Graphik employee’s internal memorandum dated November 5, 1990, was forwarded along with Feinsod’s letter.

Moreover, the one-year statute of limitations in Paragraph 6 of the equipment purchase agreement applies to all contract-based claims.