A–Z SERVICENTER, INC. *vs.* HARRY SEGALL, trustee.

Essex.    February 10, 1956. — November 14, 1956.

Present: RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Penalty. Bills and Notes,* Interest, Acceleration clause, Validity. *Interest. Contract,* Validity, Penalty.    *Damages,* Penalty, Liquidated damages. *Words,* "Liquidated damages."

In a fifteen year mortgage note for $20,000 requiring monthly payments against interest and principal such that the total interest for the entire fifteen years would be $21,400, and containing an acceleration clause operative at the option of the holder of the note in the event of default, further provisions, that "the entire monetary obligation of principal and interest under the note" was agreed to be $41,400 and that upon operation of the acceleration clause "the entire amount of" $41,400 less any payments made on the note should become payable "as liquidated damages and, not as a penalty," nevertheless constituted a penalty and were unenforceable with respect to unearned interest for the rest of the fifteen years.

BILL IN EQUITY, filed in the Superior Court on October 22, 1954.

The suit was heard by *Brogna,* J.

*Israel Bloch,* for the defendant.

*Morris H. Rapoport,* for the plaintiff.

RONAN, J.    This is an appeal by the defendant mortgagee from a final decree determining the amount due upon a mortgage, ordering its discharge and cancellation upon the payment of said amount, and dismissing the defendant's counterclaim.    We have a transcript of the evidence and a report of the material facts.    We examine the evidence, finding facts ourselves, but do not reverse the findings made by the judge unless they are plainly wrong.

Three young men for a year or two prior to April 10, 1952, had been conducting a gasoline filling station upon premises owned by the defendant which they occupied under a lease from him.    They agreed with the defendant to purchase these premises for $20,000, giving back a mort-

gage which was to run for fifteen years for the entire purchase price payable in monthly instalments on principal and interest together with one twelfth of the real estate tax. A mortgage for $20,000, dated April 10, 1952, was drafted by the defendant's attorney. It also contained a provision calling for the payment of taxes in twelve equal monthly instalments. He also drafted a mortgage note for $20,000 in the usual form. The defendant, however, intended to add the entire interest until maturity to the principal of $20,000 and had his attorney draft a new note based on a schedule showing that the payment of $20,000 over a period of fifteen years at the annual rate of interest of 11.2% would require a potential liability of $41,400 and monthly payments of $230. The new note read as follows: "$20,-000.00    April 10, 1952    For Value Received A–Z Servicenter, Inc. promises to pay to Harry Segall, as he is Trustee under a Declaration of Trust, dated November 21, 1951, recorded with Essex South District Deeds, Book 3864, Page 239 or order Twenty Thousand Dollars as follows: $230.00 on April 10, 1952, and $230.00 on the first day of each month thereafter, such payments to be applied first against interest, and second against principal, it being agreed that the entire monetary obligation of principal and interest under the note being $41,400.00, and the balance in fifteen years from this date, with interest payable as aforesaid at the rate of 11.2 per centum per annum, during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid, provided, however, that if and whenever any default in the performance of the conditions of the mortgage securing this note shall continue for a period of thirty days, then at the option of the holder of this note, the entire amount of $41,400.00 as set forth above less any payments made hereon shall be immediately due and payable as liquidated damages and not as a penalty. A–Z Servicenter, Inc. By Paul LaPointe, Pres. Raymond L. LaPointe, Treas. Witnesses Normand A. Dion v.-pres. Roland E. Gingras."

A–Z Servicenter, Inc. *v.* Segall.

The note and mortgage were signed by the three individuals who comprised the corporate officers although the vice-president signed under the word "Witnesses." The signature of the president was witnessed by the attorney for the plaintiff. The monthly payments of $230 in accordance with the note were made until February, 1953, when, because of a gasoline price war and the building of a road in front of the mortgaged premises, the plaintiff became unable to continue these payments and made lesser monthly payments with the consent of the defendant until July, 1954, when they ceased. The one hundred eighty monthly payments of $230 required for making the payments in the manner set forth in the note were to be allocated between interest and principal starting at $186.67 for interest and $43.33 for principal, and finally diminishing to $1.43 for interest and $153.26 for principal. There was no dispute that the purchase price of the realty was $20,000.

The judge found that the plaintiff thought it was to pay $20,000 with interest at 11.2% a year in monthly payments of $230 on interest and principal but that it did not understand it was to pay $41,400 even though the indebtedness was paid before the expiration of fifteen years; and that the provision making the entire interest for fifteen years payable upon default in the conditions of the mortgage was a penalty and unenforceable. He found that on March 16, 1955, the date of the order for a decree, there was a balance owed on principal $19,548.44, on interest to March 15, 1955, $4,670.33, for taxes to December 31, 1954, $302.29, and for counsel fees and other foreclosure expenses $300, aggregating $24,821.06.

The defendant brought a bill under the soldiers' and sailors' civil relief act of 1940, U. S. C. (1952 ed.) Title 50, Appendix, § 532, seeking permission to foreclose the mortgage, and after a hearing a final decree was entered on September 21, 1954, for the present defendant. The instant bill was filed when the foreclosure was advertised.

The total payments made by the plaintiff upon the mortgage note amounted to $2,970.62, of which sum $451.56 was

properly allocated to principal and $2,519.06 to interest. The note called for the payment of $41,400 — of which $21,-400 was to be allocated to interest. In other words, if the acceleration clause became operative thirty days after the breach as the note provided, then interest already actually in arrears and amounting to a few thousand dollars together with interest for the remaining term of the note, in all amounting to many thousand dollars, would be due and payable to the seller or mortgagee who sold the property to the plaintiff mortgagor for $20,000 and took the note for the full payment of the purchase price.

Whether a provision of a contract for the payment of a sum upon a breach is rendered unenforceable by reason of its being a penalty depends upon the circumstances of each case. *DeCordova* v. *Weeks*, 246 Mass. 100. *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22. Where actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages, such a contract will be enforced. *Garst* v. *Harris*, 177 Mass. 72. *Putnam Machine Co.* v. *Mustakangas*, 236 Mass. 376. But where the actual damages are easily ascertainable and the stipulated sum is unreasonably and grossly disproportionate to the real damages from a breach, or is unconscionably excessive, the court will award the aggrieved party no more than his actual damages. *Shute* v. *Taylor*, 5 Met. 61. *Makletzova* v. *Diaghileff*, 227 Mass. 100. See *Fisk* v. *Gray*, 11 Allen, 132. The words "liquidated damages and not as a penalty" in the instant note are not decisive. If from the nature of the transaction and the attending circumstances it appears that the contract is a cloak to hide a sum of money out of proportion to and differing greatly from the actual damages ordinarily arising from a breach, then the sum named as in the case at bar is a penalty. This is true even if it may be designated in the contract as liquidated damages. *Shute* v. *Taylor*, 5 Met. 61. *Commissioner of Insurance* v. *Massachusetts Accident Co.* 310 Mass. 769, 771. *Kothe* v. *R. C. Taylor Trust*, 280 U. S. 224.

An acceleration clause advancing the maturity of the principal upon a breach of a mortgage note at the option of the holder is a common provision and has been held legal and binding in this Commonwealth. *Hawkinson* v. *Banaghan*, 203 Mass. 591. *American House Hotel Co.* v. *Hemenway*, 237 Mass. 180, 182. *Greene* v. *Richards*, 244 Mass. 495. *Charlestown Five Cents Savings Bank* v. *Zeff*, 275 Mass. 408. This would also be true as to interest if the acceleration extended no further than to include the interest actually due at the time of the breach. *Olcott* v. *Bynum*, 17 Wall. 44. *Federal Land Bank* v. *Wilmarth*, 218 Iowa, 339. *Bedford* v. *Tetzlaff*, 338 Mich. 102. 36 Am. Jur., Mortgages, § 385. Am. Law of Property, § 16.193. Jones, Mortgages of Real Property (8th ed.) § 94. Osborne, Mortgages, 951. 59 C. J. S., Mortgages, 783. 19 R. C. L., Mortgages, § 292. Tiffany, Property (3d ed.) § 1513. Here there was more involved than the exercise of the acceleration clause of a mortgage note given for the purchase price of $20,000, although it is stated that the balance of the $41,400 is comprised of interest and to be paid monthly, such payments first to be applied against interest and second against principal. It appears from a schedule, in accordance with which the monthly payments were to be made, that the greater proportion of monthly payments until the one hundred seventh payment was reached were to be applied to interest. That stage, however, was not to be reached until more than one half of the monthly payments had been made. We do not agree with the contention of the defendant that, there being a breach of the note, $38,429.38 became due and payable, approximately one half of which was unearned interest. The amount attributable to interest bears no rational relation to the balance remaining unpaid on the note. We think the judge was right in ruling that the acceleration provision of the note constituted a penalty.

In the present note all the principal and all interest that would accrue up to the maturity of the note were included as principal. A mortgage note for $20,000 became a note for $41,400. The greater part of this sum represented un-

earned interest when the note was given. When a note is given for a fixed sum representing principal and interest for the period of the note, the clause accelerating the maturity of the debt will not be enforced as to future interest. The mortgage was security not only for the principal but also for payment of interest. To allow a charge for unearned interest in the attending circumstances would be unconscionable. *Northtown Theatre Corp.* v. *Mickelson*, 226 Fed. (2d) 212. *Holman* v. *Hollis*, 94 Fla. 614. *Cissna Loan Co.* v. *Gawley*, 87 Wash. 438. 19 R. C. L., Mortgages, § 292.

The final decree is to be modified by bringing it down to date by adding simple interest to the total amount found due from the plaintiff on March 16, 1955, and as so modified is to be affirmed. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498. *Akin* v. *Warner*, 318 Mass. 669.

*So ordered.*