SECURITY SAFETY CORP. *vs.* EDMUND KUZNICKI & another.

Hampden.    January 5, 1966. — February 2, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Penalty.    Damages,* Liquidated damages, Penalty, Nominal damages.

Where it appeared in an action that a contract for installation by the plaintiff of certain equipment on the defendant's premises was signed but was cancelled by the defendant before the plaintiff "did anything in respect to the work," and it did not appear that the plaintiff's actual damages for the breach of the contract would be difficult of ascertainment, a provision of the contract requiring the defendant to pay one third of the contract price "as liquidated damages" in the event of his cancellation was unreasonably and grossly disproportionate to the plaintiff's actual damages; the plaintiff was entitled only to actual damages; and, there being no evidence as to actual damages, an award of nominal damages was proper.

CONTRACT.    Writ in the District Court of Western Hampden dated April 15, 1964.

The action was heard by *Garvey, J.*

The case was submitted on briefs.

*Thomas J. O'Connor* for the plaintiff.

*Robert L. Hill* for the defendants.

WILKINS, C.J.    The defendants, Edmund and Rachel Kuznicki, signed a written contract with the plaintiff for the installation of a fire detection system on their premises in Blandford for the sum of $498.    Their cancellation presents the question of the validity of a provision that "In the event of cancellation of this agreement . . . the owner agrees to pay 33⅓% of the contract price, as liquidated damages."    The trial judge held that the provision was unreasonable and void as a penalty.    He found for the plaintiff in the amount of $1, and reported the correctness of his finding to the Appellate Division, which dismissed the report.    The plaintiff appealed.

The case was submitted on agreed facts.    The contract was signed the evening of March 25, 1964.    The defendants

made a deposit of $1 and agreed to pay the balance in "cash Sept. 15th." About nine o'clock on the morning following the signing of the contract the defendants cancelled "before the plaintiff did anything in respect to the work it was to perform."[1]   "No evidence was agreed upon or offered as to the actual damage suffered by the plaintiff."

There was no error. The case is governed in all respects by *A-Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672. For aught that appears, the damages in event of breach were not going to be difficult of ascertainment. See Restatement: Contracts, § 339; Williston, Contracts (3d ed.) § 776; Corbin, Contracts, § 1060, p. 350; 25 C. J. S., Damages, § 107, pp. 1048–1050. Time was lacking for an opportunity for the plaintiff to incur much expense of performance. The stipulated sum is unreasonably and grossly disproportionate to the real damages from the breach. In these circumstances, the aggrieved party will be awarded no more than his actual damage. *Makletzova* v. *Diaghileff,* 227 Mass. 100, 108. *A-Z Servicenter, Inc.* v. *Segall, supra,* 675. McCormick, Damages, § 148, p. 605. Macneil, Power of Contract and Agreed Remedies, 47 Cornell L. Q. 495, 502–503, 505. Compare the rule for the sale of goods in the Uniform Commercial Code. G. L. c. 106, § 2–718 (1).[2] Of actual damage there was no evidence.

*Order dismissing report affirmed.*

---

[1] The plaintiff denies that it agreed to this fact. The record, however, sheds no light on this contention.

[2] The record does not disclose whether this section applies.