*Northern District*

No. 6614.

## KATHERINE GIBBS SCHOOL, INC.

v.

## JOHN F. & DELIA D. O'RIORDAN

Argued: Nov. 29, 1967 Decided: March 26, 1968

*Present:* Connolly, J. (Presiding), Parker, &
Yesley, J.J.

Case tried to *Cowdrey, J.* in the First District Court of
Eastern Middlesex. #2060 of 1966

*Parker, J.* *The plaintiff brings this action
of contract* to recover the tuition ($985.00) and
the total amount for the first issue of supplies
($57.00) both for the benefit of Helen A.
O'Riordan, minor daughter of the defendants.

The contract was in writing and was signed
by "Mrs. John F. O'Riordan", who is also
Delia D. O'Riordan, and by Helen on 17 Sep-
tember 1965. On the contract was noted "Ac-
cepted for Katherine Gibbs School Incorpo-
rated Massachusetts By Jackson D. Reilly-
School Boston Dat 9-17-65".

The contract contained the following clauses:
"Charges are made for a place in the
school and not for the period of attend-
ance. The student is therefore received
only for the entire school year, and no de-
duction or refund will be made for ab-
sence, dismissal or withdrawal except. . . .
(the exception not being applicable to this
case)". Above the signature of Mrs. John
F. O'Riordan appears the following "I
agree to the above terms and if the student
hereinbefore named is accepted by the
school, I agree to pay all fees and other
charges for her".

"The application fee of $25.00 must ac-
company this application for enrollment,
and it is not deductible from tuition. . .

nor is it refundable. An advance payment of $100.00 for a day student. . .is required immediately upon acceptance and is refundable until 90 days prior to Registration Day (the opening day of school). The balance for. . .tuition for day students, including the amount for the first issue of supplies, is due upon Registration Day, unless the school received written notice before such Registration Day that the student does not desire to attend the school''.

The contract further states ''tuition per year Boston, $985''.

The defendants answer to the plaintiff's declaration is a general denial failure of consideration before the amounts due were payable and mutual mistake. The defendant John also answers that the contract alleged by plaintiff is not in writing signed by him or by someone authorized under G.L. c. 296 § 1.

*At the trial there was evidence of the following:*

Defendant John admitted that he signed a contract in 1964 exactly the same as the contract sued on in this case. In 1964 an application fee of $25.00 and $100.00 installment was paid to the plaintiff and Helen was enrolled in the school in January of 1964. In June of 1964 the defendant Delia wrote plaintiff that Helen would be unable to attend plaintiff's school that year, asked for the return of the $100.00 and further asked that Helen's 1964

application remain on file. The $100.00 was returned.

17 September 1965 the defendant Delia and Helen signed the contract and Helen was accepted and supplies turned over to her and, according to the records of the plaintiff, she was registered as a student as of that day. Classes started the next day, but Helen did not attend that day nor thereafter.

The plaintiff seasonably filed the following requests for rulings:

(1) Upon all the evidence a finding should be filed for the plaintiff against the defendant, John O'Riordan.

(2) Upon all the evidence a finding should be filed for the plaintiff against the defendant, Delia O'Riordan.

(3) Upon all the evidence the Court should find that a valid contract existed between the plaintiff and the defendant John O'Riordan.

(4) Upon all the evidence the Court should find that a valid contract existed between the plaintiff and the defendant Delia O'Riordan.

(5) The measure of damage is the amount required to be paid by the contract.

The court allowed requests (2) and (4) and denied requests (1), (3) and (5).

The court found for the Plaintiff and assessed damage in the amount of $125.00.

The plaintiff claims to be aggrieved by the court's denial of its requests (1), (3), and (5).

If the plaintiff is seeking to enforce the contract signed by the defendant John in 1964 it appears that the plaintiff has waived any rights thereunder as the plaintiff returned the advance payment of $100.00, but kept her application on file with the application fee of $25.00 as was requested by the defendant, Delia.

If the plaintiff is seeking to enforce the contract signed by Mrs. John F. O'Riordan (Delia) on 17 September 1965 as against the Defendant, John, is not a party to the contract, since he did not sign it and the contract makes no reference to him in any way. The only persons on the contract who agree to its terms are Mrs. John F. O'Riordan (Delia) and Helen.

There was no error in the court's refusal to grant the plaintiffs requests (1) and (3).

Although from the court's rulings it appears that the court found for the defendant John F. O'Riordan, the docket does not so state. The docket entry reads "Court finds for the plaintiff and assesses damages in the sum of $125.00, plaintiff's requests for rulings denied as to (1), (3), and (5), allowed as to number (2) and (4)".

Therefore, judgment should be entered for the defendant John F. O'Riordan.

In considering the Court's refusal to grant the plaintiff's request (5) and the court's find-

ing for the plaintiff in the amount of $125.00 reference is to be made to the contract.

The contract states that the balance of the tuition fee for a day pupil, including the amount for the first issue of supplies is due upon Registration Day each year, unless the school received written notice before such Registration Day, that the student does not desire to attend the school.

There was evidence that Helen was registered on 21 Sept. 1965 a day before the opening day of school, which by the terms of the contract is Registration Day. The balance of her tuition by the terms of the contract was due on Registration Day, 22 September 1965, unless written notice was received by the plaintiff before that day, that Helen did not desire to attend the plaintiff school. There was no evidence of any such written notice. The evidence was that Helen never attended the plaintiff school. Accordingly, the contract was broken and the plaintiff is entitled to recover for the damage caused it by the breach.

 It cannot be said that, as a matter of law the measure of the plaintiff's damages "is the amount required to be paid by the contract". The sums stated by a contract to be due may be in excess of the damages actually suffered by the plaintiff. It might be possible for a plaintiff to have mitigated the damages caused by the breach and so such sum would not be due. It may be that the sum stated to

be due under the contract is unreasonable and grossly disproportionate to the real damages from the breach. In such cases the defendant is not compelled to pay the sum stated to be due by the contract. The report shows no evidence of actual damages suffered by the plaintiff, but this does not require a finding for the plaintiff for the amount stated to be due under the contract. *Security Safety Corp.* v. *Kuznicki,* 350 Mass. 157; S. C. 31 Mass. App. Dec. *AZ Servicenter, Inc.* v. *Segall,* 334 Mass. 672.

The contract does not state that the tuition fee of $935 is liquidated damages. This sum stated as being due upon failure of the student to enter the course after registration is greatly in excess of the actual damages found to have been sustained. *Makletzova* v. *Diaghileff,* 227 Mass. 100, 108.

The plaintiff's request for ruling # 5 is not a correct statement of the law and there was no error in its denial by the court.

We find no error in the action of the court and upon the correction of the docket to correspond with the court's finding relative to the defendant John F. O'Riordan, **the report will be dismissed.**

GOLDBERG & HASS, ESQS.,

Attorneys for the Plaintiff.

No Appearance, brief or argument by the Defendant.

RAYMOND J. SALMON,

for the Defendant.