46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edward J. MULLIGAN, Appellant,
v.
BOSTON HARBOR MARINA COMPANY, Appellee.
 No. 94-1844.
 United States Court of Appeals,
First Circuit.
 Jan. 31, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge]
 Edward J. Mulligan on brief for appellant.
 Robert M. Gargill, Howard J. Levitan, Diana K. Lloyd and Choate, Hall & Stewart, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Edward Mulligan appeals the bankruptcy court's denial of his claim for return of money deposited with appellee, Boston Harbor Marina Company [BHMC], and retained as liquidated damages when Mulligan failed to close on a condominium unit in January 1988. We affirm.
 
 
 2
 The option of a seller to retain a buyer's deposit as liquidated damages is the common practice in Massachusetts conveyancing. Lynch v. Andrew, 20 Mass. App. Ct. 623, 627, 481 N.E.2d 1383, 1386, review denied, 396 Mass. 1102, 484 N.E.2d 102 (1985). Massachusetts courts "are disinclined to tamper with [such] a well established solution to the problems of expense and uncertainty in litigating the precise damages in cases of this kind." Id. This is especially so when, as here, nothing suggests that the liquidated damage provision was negotiated other than at arm's length between sophisticated parties. See id.
 
 
 3
 Two points must be considered in assessing the enforceability of a liquidated damages clause. "Where actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages, such a contract will be enforced.... But where the actual damages are easily ascertainable and the stipulated sum is unreasonably and grossly disproportionate to the real damages from a breach, or is unconsciously excessive, the court will award the aggrieved party no more than his actual damages." Shapiro v. Grinspoon, 27 Mass. App. Ct. 596, 603, 541 N.E.2d 359, 365 (1989) (quoting A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675, 138 N.E. 2d 266, 268 (1956) (citations omitted)).
 
 
 4
 In the instant case, the bankruptcy court supportably found that Mulligan defaulted at a time when the local real estate market was in a state of considerable flux. Moreover, nothing in the record indicates that BHMC ever had an opportunity after Mulligan's breach to sell the property until it was compelled to do so at auction three years later and at a much lower price. Such circumstances make the seller's actual damages "difficult to calculate with precision," Lynch, 20 Mass. App. Ct. at 682, 481 N.E.2d at 1386 (finding damages difficult to ascertain in part because "house was not sold within days of the first buyer's default, at about the same price, and without complicating factors"), and "[w]hen losses are difficult to quantify, considerable deference is due to the parties' reasonable agreement as to liquidated damages," Id (citing cases). Since Mulligan does not claim that the liquidated damages clause was an unreasonable estimate of damages at the time the contract was executed, we find no error in the bankruptcy court's finding the liquidated damages clause enforceable in this case.
 
 
 5
 In addition, essentially for the reasons given by the district court in its memorandum and order dated July 19, 1994, we find Mulligan's other claims to be without merit.
 
 
 6
 Affirmed.