USCA1 Opinion

 

 January 31, 1995 [NOT FOR PUBLICATION] UNITED STATE COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1844 EDWARD J. MULLIGAN, Appellant, v. BOSTON HARBOR MARINA COMPANY, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Edward J. Mulligan on brief for appellant. __________________ Robert M. Gargill, Howard J. Levitan, Diana K. Lloyd and Choate, _________________ _________________ ______________ _______ Hall & Stewart, on brief for appellee. ______________ ____________________ ____________________ Per Curiam. Appellant Edward Mulligan appeals the ___________ bankruptcy court's denial of his claim for return of money deposited with appellee, Boston Harbor Marina Company [BHMC], and retained as liquidated damages when Mulligan failed to close on a condominium unit in January 1988. We affirm. The option of a seller to retain a buyer's deposit as liquidated damages is the common practice in Massachusetts conveyancing. Lynch v. Andrew, 20 Mass. App. Ct. 623, 627, _____ ______ 481 N.E.2d 1383, 1386, review denied, 396 Mass. 1102, 484 ______ ______ N.E.2d 102 (1985). Massachusetts courts "are disinclined to tamper with [such] a well established solution to the problems of expense and uncertainty in litigating the precise damages in cases of this kind." Id. This is especially so __ when, as here, nothing suggests that the liquidated damage provision was negotiated other than at arm's length between sophisticated parties. See id. ___ __ Two points must be considered in assessing the enforceability of a liquidated damages clause. "Where actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages, such a contract will be enforced. . . . But where the actual damages are easily ascertainable and the stipulated sum is unreasonably and grossly disproportionate to the real damages from a breach, or is unconsciously excessive, the court will award the aggrieved party no more than his actual damages." Shapiro v. Grinspoon, 27 Mass. _______ _________ App. Ct. 596, 603, 541 N.E.2d 359, 365 (1989) (quoting A-Z ___ Servicenter, Inc. v. Segall, 334 Mass. 672, 675, 138 N.E. 2d _________________ ______ 266, 268 (1956) (citations omitted)). In the instant case, the bankruptcy court supportably found that Mulligan defaulted at a time when the local real estate market was in a state of considerable flux. Moreover, nothing in the record indicates that BHMC ever had an opportunity after Mulligan's breach to sell the property until it was compelled to do so at auction three years later and at a much lower price. Such circumstances make the seller's actual damages "difficult to calculate with precision," Lynch, 20 Mass. App. Ct. at 682, 481 N.E.2d at _____ 1386 (finding damages difficult to ascertain in part because "house was not sold within days of the first buyer's default, at about the same price, and without complicating factors"), and "[w]hen losses are difficult to quantify, considerable deference is due to the parties' reasonable agreement as to liquidated damages," Id (citing cases). Since Mulligan does __ not claim that the liquidated damages clause was an unreasonable estimate of damages at the time the contract was executed, we find no error in the bankruptcy court's finding the liquidated damages clause enforceable in this case. -3- In addition, essentially for the reasons given by the district court in its memorandum and order dated July 19, 1994, we find Mulligan's other claims to be without merit. Affirmed. ________ -4-