Toomey, J.
INTRODUCTION
Plaintiffs, John E. Kelly and Pamela B. Kelly (the Kellys), brought this action to recover a deposit made in connection with a purchase and sale agreement (Agreement) for property then owned by defendants Steven A. Marx and Merrill S. Marx (the Marxs). The Marxs have moved for summary judgment based on their contention that the Agreement contains a valid and enforceable liquidated damages clause. The Kellys filed a timely opposition to Marx’s motion for summary judgment and a cross motion for summary judgment. For the following reasons, the defendant Marxs’ motion is ALLOWED and the plaintiff Kellys’ motion is DENIED.
BACKGROUND
On March 18, 1994, the Kellys signed an offer to purchase property located at 10 Otsego Road in Worcester, Massachusetts (the property) for $355,000.00. The offer to purchase the property included a purchase date of September 1, 1994. The Marxs, who were then the owners of the property, accepted the Kellys’ offer to purchase the property and the parties signed the Agreement during the last week of April or the first week of May, 1994. Clause 18 of the Agreement provided that, “(i]f the BUYER shall fail to fulfill the BUYER’S agreement herein, all deposits hereunder by the BUYER shall be retained by the SELLER as liquidated damages” (the clause).
Upon execution of the Agreement, the Kellys provided a deposit in the amount of $16,750.00 to the Marxs. This money was in addition to the $1,000.00 already delivered by the Kellys to the real estate broker at the time the offer to purchase was made. The total deposit was 17,750.00, five percent (5%) of the sale price.
The closing was scheduled to occur on or before September 1, 1994. Between the signing of the Agreement and the beginning of August, the Kellys were unsuccessful in their attempts to sell their own property on Metcalf Street in Worcester, Massachusetts. Due to their inability to sell their home, the Kellys *44 authorized, by letter dated August 9, 1994, the Marxs to place the Property back on the market for sale. The Kellys reserved the possibility of closing as agreed on September 1, 1994, should no other purchaser be located by the Marxs and should the Kellys be able to sell their own property.
On August 24,1994, the Marxs entered into an offer to purchase agreement with another buyer, Adelaide S. Bennett and Thomas Vandersalm (Bennett). On September 8, 1994, the Marxs and Bennett executed a purchase and sale agreement obligating Bennett to pay $360,000.00 for the property. Bennett delivered an $ 18,000.00 deposit upon execution of the purchase and sale agreement, an amount which constituted five percent (5%) of the total purchase price. On September 20, 1994, the Marxs transferred the property to Bennett for the agreed sum of $360,000.00.
The Kellys seek- a refund of all deposits made in connection with the unconsummated purchase of the Property. Both parties agree that there is no dispute with respect to any material fact but disagree as to the enforceability of the Agreement’s provision for liquidated damages. Both parties have moved for summary judgment.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment." Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The established principle of law upon which damages for breach of contract may be assessed is that the injured party shall be placed in the same position he or she would have been in if the contract had been performed, so far as the loss may be ascertained to have followed as a natural consequence of the breach and to have been within the contemplation of the parties as a reasonable and probable result of the breach. Abrams v. Reynolds Metal Co., 340 Mass. 704, 708 (1960). Because parties, and even the court, may not always be capable of establishing actual damages incurred under a breached contract, Massachusetts recognizes that contracting parties have a right to include liquidated damages clauses in their agreements. See A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675 (1956).
A liquidated damage clause may not, however, be used to impose a penally upon a contracting party. Shapiro v. Grinspoon, 27 Mass.App.Ct. 596, 603 (1989). A liquidated damage clause is not enforceable if “it appears that the contract is a cloak to hide a sum of money out of proportion to and differing greatly from damages ordinarily arising from a breach.” A-Z Servicenter, 334 Mass. at 675. The question of whether a liquidated damages clause in a contract is unenforceable by reason of its being a penalty depends on the circumstances of each case. Id. The validity of such a clause will be judged for its fairness at the time of its execution as well as at the time of its invocation. See Shapiro, 27 Mass.App.Ct. at 603-605. The court declines to find that the instant liquidated damages clause constitutes an improper penalty.
At the time of its acceptance, the clause was objectively fair to both parties. It was the result of a reasonable and freely bargained transaction. See Shapiro at 604. The clause, which allowed the Marxs to retain the five percent deposit totalling $17,750.00, “was a moderate estimate of the loss the [Marxs] were likely to suffer in the event of the [Kellys’] default; the damages could be expected to be difficult to prove; and such deposits are routine in purchase and sale agreements.” Schrenko v. Regnante, 27 Mass.App.Ct. 282, 284 (1989) (recognizing a liquidated damages clause for 4.49% of contract price as reasonable).
In addition, when examined in light of circumstances obtaining at the time of the breach, the clause remains valid and enforceable. On the record before the court, there is, concededly, no evidence that the Marxs incurred any actual damages, such as mortgage service costs, taxes, and legal or accounting expenses, as a direct result of the Kellys’ breach. See Shapiro, 27 Mass.App.Ct. at 604. In the circumstances at bar, however, where the damages are not difficult to ascertain, the court is to consider whether the sum of money awarded under the liquidated damages clause is “so ‘unreasonably and grossly disproportionate’ to, or is ‘unconscionably excessive’ of, the actual damages so as to make [the Clause] a penalty.” Id. at 605. Although there is no indication of any actual damages to the Marxs, their retention of the Kellys’ $17,750.00 deposit is, nevertheless, neither unreasonable nor excessive under the circumstances of the breach, the overall *45 value of the contract, and the customary nature of this 1ype of a deposit.[3] Compare, Lynch v. Andrew, 20 Mass.App.Ct. 623, 627-628 (1985), with Begelfer v. Najarian, 381 Mass. 177, 186 (1980) (invalidating a clause which doubled the interest rate charged on loan in default from 17% to 32%); Security Sctfety Corp. v. Kuznicki, 350 Mass. 157, 157-58 (1966) (holding a 33 1/3% liquidated damage provision as unenforceable).
Furthermore, the clause does not contemplate loss to the seller as a condition precedent to the seller’s entitlement to the liquidated damages. The clause provides that the “deposit. . . shall be retained by the Seller” in the event that “the Buyer shall fail to fulfill the Buyer’s agreement . . .” Thus, the trigger for the liquidated damages is the Buyer’s breach, not the occurence of loss to the Seller. Because there is no contest at bar as to the fact of the Buyer’s breach, the trigger is properly pulled.
Summary judgment shall enter for the Marxs.
ORDER
For the foregoing reasons, the Plaintiffs’ Motion for Summary Judgment is DENIED and the Defendants’ Cross Motion for Summary Judgment is ALLOWED.

The fact that the Marxs were able to sell the property shortly after the Kellys’ August 9, 1994 letter is of limited relevance to the case before the court. See Shapiro, 27 Mass.App.Ct. at 604. The property’s sale to Bennett merely assists the court to determine the fair market value of the property at the time of the breach, which value is helpful in determining whether the clause is “unconscionably excessive” or “unreasonably and grossly disproportionate.” Id. at 604-05. If, for example, the record demonstrated that the Marxs suffered certain losses but those losses were sufficiently compensated for by the sale of the property at market value, then the reasonableness of the liquidated damages should be determined by comparing the uncompensated damages to the damages specified under the disputed clause as liquidated damages. As no proof of actual damages was contained in the record before the court, a determination of which damages were compensated and which were not is unnecessary.