Fremont-Smith, J.
In this case, plaintiffs seek summary judgment on their claim for liquidated damages arising out of defendant’s termination of their tenancy in violation of their lease. After hearing, the Court allows plaintiffs’ motion for the following reasons.
BACKGROUND
The following facts are undisputed:
On or about November 17, 1994, Rockingham and Cliftex entered into a lease dated as of August 16, 1994 for approximately 3,600 square feet of space in the Rockingham Mall (the “Rockingham Lease”). The term of the Rockingham Lease was five years, plus months necessary to have the lease end on January 31st, and Cliftex agreed to pay monthly rent of $7,200, or $86,400 per year, plus monthly installments of “percentage rent” equal to 5% of gross sales, if any, above a base of $1,368,000.
On or about February 27, 1995, Kimco and Cliftex also entered into a lease dated August 29, 1994 for a leased space at the Searstown Mall (the “Searstown Lease”). Before Cliftex took possession, Kimco built-out the space for defendant, at a cost to plaintiffs of $105,576. The term of the Searstown Lease was ten years, plus months necessary to have the lease terminate on January 31st. Cliftex agreed to rent the space for $5,362.50, or $67,590 per year, for the first three years, and the rent was to increase for the fourth, fifth, sixth and seventh years to $76,602, and for the eight, ninth, tenth and eleventh years, to $85,614 per year. Cliftex was also to pay its pro rata share of real estate taxes, insurance, common area maintenance and marketing charges, in monthly installments. Additionally, the lease required that Cliftex pay monthly installments of the “percentage rent,” equal to 5% of gross sales, if any, above a base of $1,351,800.
On October, 1, 1996, however, the defendant notified plaintiffs that it would soon cease operations and vacate the stores in the Rockingham and Searstown Malls, and on or around January 20, 1997, Cliftex ceased operations at the Rockingham and Searstown locations. On February 20, 1997 and February 26, 1997, the plaintiffs notified Cliftex that they were terminating the respective leases. On March 14,1997, the parties settled a summary process eviction proceeding by acknowledging the termination of the Searstown and Rockingham Leases, and the retaking of possession by the plaintiffs.
Pursuant to the lease provisions in the event of a default by defendant, plaintiffs are permitted, by Article 15(d), to accelerate the remaining rent payments and be paid the present lump sum equivalent of same as liquidated damages. Defendant contends, however, that this clause is unenforceable because it constitutes a penally.
DISCUSSION
Summary judgement will be granted where there are no genuine issues of material fact and where the summary judgement record entitles the moving parly to judgement as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears “the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact.” Id. at 17.
For the court to uphold a liquidated damages clause, the damages must be calculated to reasonably compensate the injured party for its loss, rather than simply to punish the breaching party. In Shapiro v. Grinspoon, 11 Mass.App.Ct. 596, 603 (1989), the Court said:
*638 [T]he judge should first determine whether the actual damages to the [sellers] are difficult to ascertain. If they are, in view of the reasonableness of the forecast of those damages, the liquidated damages provision should be enforced. If not, he should consider whether [the amount designated as liquidated damages] is so ‘unreasonably and grossly disproportionate' to, or is ‘unconscionably excessive’ of, the actual damages caused by the breach so as to make the liquidated damages a penalty. Finally, if the judge determines that the liquidated damages provision is unenforceable, and that the [sellers’] losses exceed the difference between the contract price and the saleable value of the property at the time of breach, he should award to the defendants the amount of the actual damages.
Id. at 605 (citation omitted).
The Court also indicated that this determination of difficulty of ascertainment should be made by the judge not only as of the time of the contract, but also as of the time of default, before enforcing the liquidated damages provision.
In the case at bar, both at the time of contracting and at the time of defendant’s default, it was difficult or impossible for the parties to forecast reasonably the amount of actual damages which would be sustained by the plaintiffs as a result of a default. Not only had Kimco refurbished the Searstown Store for $105,576 for Cliftex before it took possession, but stores in a shopping mall are interdependent for profitability, so that the vacancy of one store may be expected to affect the profitability of other stores in the mall and the amount of the rental income to the plaintiffs from those stores. And, while Kimco and Rockingham may relet the vacated premises, it is difficult to foresee what the rental income might be over a multi-year lease. Since the parties here could not reasonably ascertain the damages to be caused by a default, either at the time of contracting or at the time of breach, these sophisticated businesses should be held to the terms of contract, including the mutually agreed-to liquidated damages clause.
Although defendant further alleges that plaintiff breached the contract by locking the defendant out of Searstown Mall premises, the undisputed facts indicate that this occurred at a time when Cliftex had already vacated the premises, so that any breach of the lease by the plaintiffs was insubstantial and not material.
Defendant also urges that a determination of whether a liquidated damages clause is so oppressive as to constitute a “penalty,” is a question of fact for a juiy, citing AZ Servicecenter, Inc. v. Segall, 334 Mass. 672 (1986). The interpretation of a contract, however, in the context of undisputed facts, is normally a question of law for the court, and AZ Servicecenter, Inc.'s holding is not to the contrary.[1]
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs’ motion for summary judgement is ALLOWED and judgment shall enter in favor of Kimco of New England, Inc. on Count I in the sum of $684,448, plus interest and costs, and in favor of Rockingham 620, Inc. on Count II, in the sum of $288,677, plus interest and costs.

 In that case, the Court remarked: “we think the judge was right in ruling that the acceleration provision of the note constituted a penalty.” Id., 676.