NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-486

GENE ESPINOLA

vs.

PAUL S. MURPHY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In October 2018, the plaintiff, Gene Espinola, filed a summary process complaint in the Housing Court against the defendants, Eileen M. Murphy and her former husband, Paul S. Murphy,[2] seeking possession of a property at 44 East View Street in Lowell (the property), which the plaintiff purchased in foreclosure. On appeal, the defendant contends that the judge erred in allowing the plaintiff's renewed motion for summary

---

[1] Eileen M. Murphy.

[2] Because the parties share a last name, we will refer to each by their first name. As Paul has not participated in this appeal or the matter below, "defendant" as used in this decision shall mean Eileen M. Murphy.

judgment[3] because the foreclosing mortgagee, Nationstar Mortgage, LLC (Nationstar), failed to strictly comply with notice provisions in the mortgage and Massachusetts law, rendering the foreclosure unlawful and the plaintiff's title to the property void. We affirm.

Background. The following facts are undisputed unless otherwise noted. In May 1984, the property was conveyed to the defendant and her then husband, Paul, by the defendant's parents. In December 2001, the defendant and Paul granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS).

The defendant and Paul divorced in 2008. Their divorce agreement, which was executed in the Probate and Family Court on October 10, 2008, gave the defendant "sole right, title and interest" in the property, and stipulated that she would "refinance the home in her individual name within two (2) years from the date of this Agreement or payoff the mortgage on the marital home with the proceeds from the sale of the business condo, whichever occurs first." However, Paul failed to deed

---

[3] The plaintiff initially filed a motion for summary judgment in 2019, and the defendant filed a cross motion for summary judgment. Both motions were denied after a hearing on April 22, 2019. Both parties filed renewed motions for summary judgment in 2023, and the plaintiff's renewed motion was allowed on August 30, 2023.

2

the property to the defendant as required by the divorce agreement.[4]

Since November of 2010, neither the defendant nor Paul made any payments on the mortgage or any payments for real estate taxes on the property. On January 17, 2011, Nationstar, as the servicer of the mortgage, sent a notice of default (2011 notice), to the defendant and Paul at the property address, specifying that the defendant had defaulted on the mortgage and that it intended to foreclose if the full amount of the default was not paid by a specified date. On August 26, 2011, MERS assigned the mortgage to Nationstar, which was recorded in the Registry of Deeds.[5] Nationstar then held a public auction, conducted a foreclosure sale, and sold the property to Brian McMahon on August 8, 2012. McMahon subsequently initiated a summary process action for possession against the defendants. Due to legal defects in the 2011 notice sent by Nationstar to the defendant,[6] the defendant successfully defended that action

---

[4] In a sworn affidavit, the defendant stated that she has "made several complaints for contempt against Paul in Probate Court for his failures to comply with the Divorce Agreement."

[5] Although not the subject of this appeal, the defendant maintains that this was not a legally effective assignment.

[6] Paul was separately dismissed from the case.

3

in Housing Court.[7]  Ultimately, a judge of the Superior Court issued a judgment in accordance with the Housing Court ruling, rescinding the foreclosure and reinstating the defendant's mortgage "as if the Foreclosure had not been conducted and the Foreclosure Deed had never been executed."

On October 19, 2016, Nationstar sent a second notice of default (2016 notice) via certified mail to the property address.  The 2016 notice listed all principal and interest payments, which had not been made since 2010, including escrow real estate tax payments.  The defendant failed to cure the default.  Ultimately, on April 9, 2018, Nationstar held another public auction and sold the property to the plaintiff.  The foreclosure deed conveying the property from Nationstar to the plaintiff was recorded with the Registry of Deeds on July 25, 2018.  The plaintiff then filed this action in Housing Court seeking possession of the property.

Discussion.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Pinti v. Emigrant Mtge. Co., 472 Mass. 226,

---

[7] The Housing Court judgment was upheld on appeal by this Court.  See McMahon v. Murphy, 89 Mass. App. Ct. 1108 (2016).

4

231 (2015), quoting Juliano v. Simpson, 461 Mass. 527, 529-530 (2012).

To prevail on summary judgment, the plaintiff was required to show that there was no dispute of material fact that he obtained a valid title to the property, and that the foreclosure strictly complied with the terms of the mortgage and applicable Massachusetts law. On appeal, the defendant argues that the plaintiff's title to the property is void because Nationstar failed to comply with paragraphs twenty-two and fifteen of the mortgage and applicable Massachusetts law.

Paragraph twenty-two provides that, prior to the acceleration of the loan following any breach of the mortgage by the defendant, Nationstar is required to notify the defendant of the following:

> "(a) the default; (b) the action required to cure the default; (c) a date, not less than [thirty] days from the date the notice is given to Borrower [the defendant], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the mortgage]."

The defendant asserts that the 2016 notice was deficient under this paragraph because the default and reinstatement demands within the notice were erroneous. In support, the defendant alleges that by accelerating the mortgage through the prior 2011 notice, Nationstar was entitled to collect only the outstanding principal, interest, and real estate tax escrow payments as they

5

existed at that time.  According to the defendant, the subsequent 2016 notice was therefore erroneous because it contained a demand for payments for principal, interest, and real estate tax payments that became due under the mortgage between 2011 and 2016.  While it is true that "[w]hen a note is given for a fixed sum representing principal and interest for the period of the note, the clause accelerating the maturity of the debt will not be enforced as to future interest[,]" A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 677 (1956), the Superior Court judgment that voided the 2012 foreclosure, specifically stated that "[t]he Mortgage remains in full force and effect to the same extent as if the Foreclosure had not been conducted and the Foreclosure Deed had never been executed and recorded with the Registry."  In other words, the mortgage was effectively never accelerated in 2011.  Nationstar was therefore entitled to seek outstanding payments due under the mortgage between the time of the 2011 foreclosure and 2016.[8]  As such, the

---

[8] The defendant asserts that McMahon paid all property ownership obligations from August 8, 2012, through "some period between February 26, 2016, and December 29, 2016."  However, the record provides no support for that assertion.  Furthermore, pursuant to the disclosures within the 2016 notice, the defendant was entitled to "bring a court action [against Nationstar] to assert the non-existence of a default or any other defense you may have to acceleration and sale."  This, of course, would have included challenging the payments due between the first and second foreclosures.

2016 notice strictly complied with the terms of paragraph twenty-two.[9]

The defendant also argues that the 2016 notice did not comply with paragraph fifteen of the mortgage or with G. L. c. 244, § 35A (b). Paragraph fifteen of the mortgage states:

"Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender."

Furthermore, G. L. c. 244, § 35A (b), requires that the notice of default "shall be deemed to be delivered . . . when sent by first class mail and certified mail . . . to the mortgagor at the mortgagor's address last known to the mortgagee." The defendant avers that Nationstar did not comply with paragraph fifteen because the 2016 notice was not mailed to the notice address. Under paragraph fifteen, the "notice address shall be the Property Address unless [the] Borrower has designated a substitute notice address by notice to [the] Lender." The defendant alleges that following their divorce in 2008, Paul changed the notice address from the property address to his

_____

[9] For the reasons stated above, we also conclude that the 2016 notice complied with G. L. c. 183, § 21.

7

personal residential address in New Hampshire.  However, the only evidence cited by the defendant for such a change is the defendant's own affidavit as well as a copy of a 2011 loan statement sent by Nationstar to Paul at his New Hampshire address.  Notably, there is no correspondence in the record between Paul and Nationstar detailing a change in the notice address, and Nationstar also sent correspondence to Paul's address in Dracut.  We therefore cannot discern on the record before us that a change in the notice address ever occurred.  Rather, the record supports the inference that the notice address was not changed and remained the property address.  Accordingly, because it is undisputed that Nationstar sent the notice of default via certified mail to the property address, Nationstar fully complied with paragraph fifteen.[10]

The defendant further seeks to use the plaintiff's "summary process action to invalidate the foreclosure and, by extension, [the plaintiff's] title to the property," U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 429 (2014), by arguing that the 2016 notice was deficient under G. L. c. 244, § 35A (b), because

---

[10] While the defendant states that she could "plausibly argue" that the notice was defective because it contained the words "C/O LAW OFFICES OF MICHAEL M. MCARDLE" in the address line, she cites no authority that supports this position. Importantly, as noted supra, the notice was addressed to both herself and Paul.

it was not sent to "the mortgagor's address last known to the mortgagee."  However, this "challenge to the notice should have been raised in an independent equity action in the Superior Court, not in a postforeclosure summary process action in the Housing Court where the only legal issue for the court is whether the mortgagee obtained title to the property in strict accordance with the power of sale."  U.S. Bank Nat'l Ass'n, 467 Mass. at 429.[11]

Judgment affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[12]),

Clerk

Entered:  June 20, 2025.

---

[11] For these reasons, we also disagree with the defendant that Nationstar violated its duty of good faith and fair dealing or that the 2018 foreclosure was fundamentally unfair.

[12] The panelists are listed in order of seniority.